1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  AARON DAVIS,                    )        No. CV-F-05-271 OWW/DLB
                                   )
10                                 )        ORDER GRANTING DEFENDANTS'
                                   )        MOTION TO STRIKE AMENDED
11              Plaintiff,         )        COMPLAINT (Doc. 35) AND
                                   )        STRIKING THIRD AMENDED
12        vs.                      )        COMPLAINT (Doc. 34)
                                   )
13                                 )
   FOSTER FARMS DAIRY, et al.,     )
14                                 )
                                   )
15              Defendant.         )
                                   )
16 _____)

17        On November 13, 2006, Plaintiff Aaron Davis, proceeding *in*

18  *pro per*, filed an "Amended Complaint with Supplemental Facts".

19  (Doc. 34).

20        Defendants move to strike this Amended Complaint pursuant to

21  Rule 12(f), Federal Rules of Civil Procedure, because Plaintiff

22  failed to obtain permission to file the Amended Complaint as

23  required by Rule 15(a), Federal Rules of Civil Procedure.

24        Plaintiff, who appeared at the hearing, did not file a

25  written opposition to the motion to strike.  Rule 78-230(c),

26  Local Rules of Practice, provides in pertinent part:

                                    1

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date.  Opposition shall be [served] on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic served not less than seventeen (17) days preceding the hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely served by that party.

Initially, Plaintiff was one of a trio of plaintiffs who brought an action against Defendants in No. CV-F-04-6634 REC/DLB. By Order filed on February 24, 2005, Plaintiff's claims were severed and Plaintiff was directed to file an Amended Complaint in a separate civil action.  After receiving an extension of time, Plaintiff filed the Amended Complaint (hereinafter referred to as the First Amended Complaint or FAC) commencing this action on June 15, 2005.[1]  Defendants filed an Answer to the FAC on April 17, 2006.  A scheduling conference was held on October 20, 2006.  Pursuant to the Scheduling Order filed on October 23, 2006, "[t]he parties do not anticipate filing any amendments to the pleadings at this time."  However, on October 25, 2006, Plaintiff filed a motion for an extension of time to submit

---

[1]Plaintiff filed an Amended Complaint on February 24, 2005, giving it the case number No. CV-F-04-6634 REC/DLB.  Because this pleading was filed on the same day as the Order severing Plaintiff's claims, it is disregarded for purposes of this motion.

2

1  "supplemental facts".  On October 27, 2006, Plaintiff filed a

2  "Second Amended Complaint for Damages and To Turn in Supplemental

3  Facts" (hereinafter referred to as the Second Amended Complaint

4  or SAC) without first having obtained leave of court to do so.

5  Defendants filed an Answer to the SAC on November 13, 2006.  Also

6  on November 13, 2006, Plaintiff filed an "Amended Complaint with

7  Supplemental Facts" (hereafter referred to as the Third Amended

8  Complaint or TAC) without first obtaining leave of court.

9       Rule 15(a) provides in pertinent part:

10          A party may amend the party's pleading once
            as a matter of course at any time before a
11          responsive pleading is served ... Otherwise a
            party may amend the party's pleading only by
12          leave of court or by written consent of the
            adverse party; and leave shall be freely
13          given when justice so requires.

14       As explained in Wright, Miller & Kane, Federal Practice and

15  Procedure: Civil 2d § 1484 at pp. 601-602:

16          In general, if an amendment that cannot be
            made as of right is served without obtaining
17          the court's leave or the opposing party's
            consent, it is without legal effect and any
18          new matter it contains will not be considered
            unless the amendment is resubmitted for the
19          court's approval.  However, some courts have
            held that an untimely amended pleading served
20          without judicial permission may be considered
            as properly introduced when leave to amend
21          would have been granted had it been sought
            and when it does not appear that any of the
22          parties will be prejudiced by allowing the
            change.  Permitting an amendment without
23          formal application to the court under these
            circumstances is in keeping with the overall
24          liberal policy of Rule 15(a) and the general
            desirability of minimizing needless
25          formalities.  On the other hand, a more
            restrictive attitude toward the failure of a
26          party to proceed in the manner prescribed by

3

> the rule could be justified if it becomes
> necessary to discourage litigants from
> totally disregarding the requirements of
> subdivision (a).

In the Amended Complaint filed on June 15, 2005, Plaintiff names as defendants Foster Farms Dairy, David Bettancourt, Plant Manager for Foster Farms Dairy, and Ron Foster, owner of Foster Farms Dairy. The Amended Complaint alleges that it is brought for employment discrimination in violation of Title VII. The Amended Complaint alleges that Plaintiff's employment was terminated in February 2005 "after he was subpoenaed for a deposition regarding a Foster Farms which involved discriminatory action(s) against African Americans and where Plaintiff was under oath and disclosed the discriminatory action(s) of Foster Farms and 28 other related issues that Foster Farms did not want disclosed" [sic]; that Defendants' "employment practice or policies ... has had a discriminatory effect or impact upon him for the last fifteen years"; that Defendants "refusal to promote African Americans and loss of employment-related opportunities constitute [sic] a disparate treatment in that it was based on the fact that plaintiff was terminated for his support of African American rights"; that Plaintiff "bases this conclusion on the fact that defendants continued to seek applicants (White/Caucasian) for either management positions or employment opportunities"; and that during his employment at Foster Farms Dairy "he was subject to racial comments, epithets and slurs at the workplace including, but not limited to the following:

'NIGGER LOVER' and 'Fuck You Tanto'."   The Second Cause of Action

is captioned "Director's and Supervisors Liability" and alleges

that Defendants "were at all times on notice of the acts (or

should have been on notice) of racial discrimination and bigotry

toward African American race and his friends national origin but

failed to take appropriate steps to terminate these defendants,

and DOES 1 through 10, inclusive, who engaged in such

discriminatory acts", and that Defendants thereby ratified and

affirmed such discriminatory conduct.   The Third Cause of Action

is for intentional infliction of emotional distress.   The Fourth

Cause of Action is for Injunctive Relief, alleging that "[u]nless

restrained and enjoined from the racially motivated

discrimination described in the preceding paragraphs of this

pleading and compelled to appear and show cause why they should

not be disqualified from participation in all federal, state and

local programs, defendants ... will continue to engage in racial

discrimination in employment in violation of law, and plaintiff

will continue to suffer irreparable injury."   The Fourth Cause of

Action prays for a "Preliminary and Permanent Injunction and

Order to Show Cause":

> a) For Order prohibiting defendants ... and
> every person or business entity that employs
> or is owned or controlled by any defendant(s)
> with knowledge of the Court's Order from
> engaging in any act of discrimination in
> employment based on race, national origin,
> age, gender or gender preference that is
> prohibited by law; and
>
> b) For Order requiring defendants ... and
> every person or business entity that employs

5

1                or that is owned or controlled by any
defendant(s) with knowledge of the Court's

2                Order to hire or promote qualified persons of
female, Afro Americans [sic], and Hispanic

3                origin at all levels staffing and management
in proportion to each group's statistical and

4                numeric representation in Fresno County,
California as a remedy for past racial and

5                ethnic discrimination by defendant ...; and

6                c) For Order prohibiting defendants ... and
every person or business entity that employs

7                or that is owned or controlled by any
defendant(s) with knowledge of the Court's

8                Order from applying for, cashing, or
receiving any benefits, direct or indirect,

9                from any federal, state, or local program(s)
of any kind unless and until defendants (1)

10              have made plaintiff whole of and from the
injury, damage, and loss caused by

11              defendant's discriminatory conduct in
employment described in this pleading [sic];

12              and (2) have proven to the satisfaction of
this Court by a preponderance of the evidence

13              that FOSTER FARMS DAIRY INC. has terminated
its relationship of every kind with all

14              persons who aided, abetted, facilitated, or
engaged in the discriminatory acts complained

15              of herein; (3) have proven to the
satisfaction of this Court by a preponderance

16              of the evidence that FOSTER FARMS DAIRY inc.
has hire and promote qualified persons of

17              female, African Americans, and Hispanic
origin at all levels staffing and management

18              within defendant FOSTER FARMS DAIRY INC. in
proportion to each group's statistical and

19              numeric representation in Fresno County,
California as a remedy for past racial and

20              ethnic discrimination by defendants ....

21  In addition to this injunctive relief, the FAC prays for

22  compensatory, general and punitive damages, and for the Court "to

23  set aside the general release".

24     The SAC filed on October 27, 2006, without prior leave of

25  court, essentially alleges the same facts and causes of action

26  set forth in the FAC.  However, the SAC includes new causes of

1 action.  The Fifth Cause of Action is for "wrongful termination

2 in violation of the Federal False Claims Act" and the Sixth Cause

3 of Action is for "wrongful termination in violation of the State

4 False Claims Act".  These causes of action are alleged against

5 Foster Farms Dairy and Does 1-5, allege that these defendants had

6 contracts or subcontracts to supply goods to the United States

7 and the State of California; that these defendants violated the

8 False Claims Acts by:

9       (A) They knowingly presented or caused to be
     presented to the United States [or the State
10      of California] false or fraudulent claims for
     payment;

11

12      (B) They knowingly made, used, or caused to
     be made or used, a false record or statement
     to get a false or fraudulent claim paid or
13      approved by the Government; or

14      (C) They knowingly made, used, or caused to
     be made or used, false records or statements
15      to conceal, avoid, or decrease an obligation
     to pay or transmit money or property to the
16      Government.

17 The Fifth and Sixth Causes of Action further allege that

18 "Plaintiff was harassed, retaliated, discriminated against, and

19 fired from his job in retaliation for his efforts to investigate

20 the false claims described herein" in violation of 31 U.S.C. §

21 3730(h) and California Government Code § 12653.  The Seventh

22 Cause of Action in the SAC is against Foster Farms Dairy and Does

23 1-5 for "wrongful termination in violation of public policy" and

24 alleges that Plaintiff's firing was in violation of the public

25 policies of the Federal False Claims Act, the California False

26 Claims Act, the California Fair Employment and Housing Act and 2

7

1   Cal.Code Regulations § 7287.8, and the Equal Opportunity Act, 29

2   C.F.R. Pt. 1604.11, and EEOC Directives 915.003.  The SAC prays

3   for compensatory, general and punitive damages and injunctive

4   relief with regard to the First through Fourth Causes of Action.

5   With regard to the Fifth and Sixth Causes of Action, the SAC

6   prays for "two times plaintiff's lost earnings", for compensatory

7   damages, "including lost earning capacity, and medical and other

8   expenses", general and punitive damages, for an "order

9   reinstating plaintiff with full seniority, including seniority

10  for the time he has lost".  The Seventh Cause of Action prays for

11  compensatory damages, "including lost income and lost earning

12  capacity, and medical and other expenses", for general and

13  punitive damages; for "Defendant verify answer"; and for

14  "<u>appropriate restitution</u> be made because the CONSTITUTION DEMANDS

15  it to be done".

16       The TAC filed on November 13, 2006, without prior leave of

17  court, now alleges that Plaintiff brings this action for

18  employment discrimination pursuant to Title VII and that

19  plaintiff is acting as "relator ... on behalf of the United

20  States of America and individually".  The SAC also alleges that

21  jurisdiction is based on 42 U.S.C. § 1981 and alleges with regard

22  to jurisdiction and venue:

23          Plaintiff action seeks to remedy Defendant
            wrongful conduct through the following claims
24          for relief: violations of Federal
            Whistleblowers Protection Act contained in 31
25          U.S.C.A. Section 3730(h); violations of
            California Whistleblowers Protection Act;
26          wrongful discharge ... in violation of public

8

1
2
                  policy; breach of implied and/or express contracts entered into by Defendant and Plaintiff; negligence; and punitive damages....

3
4
The TAC alleges essentially the same causes of action as alleged

5
in the SAC with, for the most part, minor changes.  For instance,

6
the Second Cause of Action for Director's and Supervisor's

7
Liability, the allegation that Defendants were on notice of

8
racial discrimination and bigotry toward "African American race

9
and his friends [sic] national origin" is now that Defendants

10
were on notice of racial discrimination and bigotry toward

11
"minorities".  In the Third Cause of Action for Intentional

12
Infliction of Emotional Distress, Plaintiff adds to the

13
allegation that Defendants' conduct caused Plaintiff emotional

14
and physical distress in his support of equal rights "and the

15
support and safety concern of the public".  The TAC also includes

16
a new prayer for relief interspersed with the prayer for relief

17
set forth in the SAC.  The new prayer for relief prays for

18
judgment:

19
                  a.   Declaring the acts and practices complained of herein are in violation of the whistleblower protections contained in 31

20
U.S.C.A. § 3730(h);

21
                  b.   Enjoining and permanently restraining the violations of the whistleblower protections

22
contained in 31 U.S.C.A. § 3730(h);

23
                  c.   Directing Defendant to place Plaintiff in a position he would have held but for

24
Defendant's discriminatory and retaliatory treatment of Plaintiff, and to make Plaintiff

25
whole for all earnings and benefits he would have received but for Defendant's

26
discriminatory and retaliatory treatment

9

including but not limited to wages (including front and back pay) and benefits and any and all other relief afforded under the whistleblower protections contained in <u>31 U.S.C.A. § 3730(h)</u>;

d.  Directing Defendant to pay Plaintiff general and compensatory damages in an amount to be proven at trial;

e.  Directing Defendant to pay Plaintiff special compensatory damages including but not limited to actual and anticipated wage loss in an amount to be proven at trial;

f.  Directing Defendant to pay the cost of this action together with costs and reasonable attorney's fees;

g.  Declaring Defendant's acts against Plaintiff as willful, wanton, and malicious, and directing Defendant pay Plaintiff punitive damages in an amount to be proven at trial; and

h.  Granting such other and further relief as this court deems proper.

i.  Determine restitution in a manner thats [sic] appropriate and enter the appropriate restitution order.

j.  Demand jury trial on all issues triable by jury.

The TAC also sets forth the prayer for relief alleged in the SAC. The only change is that the injunctive relief prayed for in connection with the Fourth Cause of Action includes "Native Americans" and "Asians" and includes "all appropriate counties where employed through Foster Farms".

However, although the First Cause of Action in the TAC continues to allege that Plaintiff was terminated in February 2005 after Plaintiff was subpoenaed for a deposition in a

10

discrimination case against Foster Farms Dairy and disclosed "a
few of the discriminatory action(s) of Foster Farms and 28 other
related issues that Foster Farms did not want disclosed", the
First Cause of Action includes some significantly different
allegations from those set forth in the FAC or the SAC.
Specifically, the TAC alleges:

> 9.   Plaintiff alleges that one or more of
> defendants' employment procedures, and or
> practice and or policies of each defendant
> has had a discriminatory effect and or impact
> upon him for the last fifteen years.
> Plaintiff bases this conclusion, among
> others, on the findings written in the
> reports from investigations and conclusions
> written in reports upon completion of those
> investigations. [¶] Plaintiff also bases this
> conclusion on a foundation of facts that
> exist from documents, creating paper trail
> and or first hand knowledge and or real
> stories from real people with affidavits who
> have suffered harm from Dennis Bettencourt,
> Foster Farms Dairy and or Ron Foster and or
> real stories attached with affidavits from
> real people explaining how Dennis
> Bettancourt, Foster Farms Dairy and or Ron
> Foster violate federal law and or state law
> and our CONSTITUTION.  One, of the many
> illegal on-going, re-occurring illegal
> subject matters existing within Foster
> operations is of PUBLIC concern.  For
> economical gain Foster will disregard concern
> for the PUBLIC and violate laws protecting
> WE, THE PEOPLE.  These 'evil ways' at Foster
> exist even though a percentage of the PUBLIC
> is harmed and even when our CONSTITUTION,
> Federal Law, and or State Las is being
> violated.  Easily proven at TRIAL.

> 10.   Plaintiff alleges that during his
> employment the following occurred frequently;
> subject to falsely accusing minorities,
> wrongfully disciplining minorities and even
> wrongfully terminating minorities and
> occasionally Teamsters Union Representative
> BOB QUINTANA and Foster Farms Human Resource

1
   LUIS MIRANDA would be fully aware of the
   entire scheme and do nothing, for they have
2
   their own agenda and all shall be proven at
   trial. [¶] The latter part of [Plaintiff's]
3
   employment at the FOSTER FARMS DAIRY INC. he
   was subject to threats, racial comments,
4
   epithets and slurs at the workplace,
   including, but not limited to the following:
5
   'NIGGER LOVER' and 'Fuck You Tanto'.

6   Although Defendants decided not to challenge Plaintiff's

7 failure to obtain prior permission to file the SAC and filed an

8 Answer to the SAC, Defendants argue that the TAC should be

9 stricken:

10
   ... If Plaintiff's Third Amended Complaint is
   not stricken and Plaintiff is not reminded
11
   that he must follow the Federal Rules of
   Civil Procedure, he will continue filing
12
   amended complaints throughout the litigation
   as evidenced by Plaintiff filing [the TAC]
13
   just two weeks after filing [the SAC].  Such
   action confuses the issues and hinders the
14
   trial and litigation process.  Proceeding
   with a clear operative complaint will
15
   streamline the ultimate resolution of the
   case.
16
   Plaintiff's propensity for amending his
17
   complaint with trivial and non-substantive
   information also prejudices Defendants
18
   because they are required to incur the time
   and expense of filing amended answers
19
   virtually identical to prior responses.  To
   the extent Plaintiff adds new facts or
20
   identifies new persons in his complaints that
   should have been included in the original or
21
   first amended complaint, such action also
   disrupts the discovery process - which is
22
   under way.  Defendants will be prejudiced and
   deprived of the opportunity to present facts
23
   or evidence that they would have offered in
   defense if Plaintiff continues adding new
24
   information throughout the litigation.

25   Defendants' motion to strike is GRANTED.  As noted, the

26 Scheduling Order filed on October 23, 2006 stated that the

1   "parties do not anticipate filing any amendments to the pleadings

2   at this time."  Despite this representation, Plaintiff has twice

3   filed amended pleadings.  The Scheduling Order specifically

4   provides:

5              XVI.  Compliance With Federal Procedure.

6                  1.  The Court requires compliance
               with the Federal Rules of Civil Procedure and
7              the Local Rules of Practice for the Eastern
               District of California.  To aid the court in
8              the efficient administration of this case,
               all counsel are directed to familiarize
9              themselves with the Federal Rules of Civil
               Procedure and the Local Rules of Practice of
10             the Eastern District of California, and keep
               abreast of any amendments thereto.
11

12  Even though Plaintiff is proceeding *in pro per*, he is required to

13  familiarize himself and comply with the Federal Rules of Civil

14  Procedure, the Local Rules of Practice for the Eastern District

15  of California, and any court orders.  Rule 83-183(a), Local Rules

16  of Practice, provides in pertinent part:

17             Any individual representing himself ...
               without an attorney is bound by the Federal
18             Rules of Civil ... Procedure and by these
               Local Rules.  All obligations placed on
19             'counsel' by these Local Rules apply to
               individuals appearing in propria persona.
20             Failure to comply therewith may be ground for
               dismissal ... or any other sanction
21             appropriate under these rules.

22  Rule 15(a) very clearly requires prior leave of court to file an

23  amended complaint after the defendants file a responsive

24  pleading, i.e., an Answer.  Although discretion exists to allow

25  this action to proceed under the TAC, discretion will not be so

26  exercised here because of Plaintiff's repeated violation of Rule

13

1  15(a).  Striking the TAC as inoperative and of no legal effect is
2  necessary to compel Plaintiff's compliance with the Federal Rules
3  of Civil Procedure and the Local Rules of Practice.  If Plaintiff
4  desires to proceed with the allegations set forth in the stricken
5  TAC, Plaintiff must file a properly noticed and supported motion
6  for leave to amend as required by these rules.

7      For the reasons set forth above, Defendants' motion to
8  strike the Third Amended Complaint (Doc. 35) is GRANTED and the
9  Third Amended Complaint (Doc. 34) is STRICKEN.

10  IT IS SO ORDERED.

11  **Dated:    January 9, 2007**          _____**/s/ Oliver W. Wanger**_____
   668554                          UNITED STATES DISTRICT JUDGE