IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DAVIS,<br><br>            Plaintiffs,<br><br>     vs.<br><br>FOSTER FARMS DAIRY, et al.,<br><br>            Defendants.<br>_____/ | 1:05cv0271 LJO DLB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS<br><br>(Document 48) |

Plaintiff Aaron Davis ("plaintiff") is proceeding pro se and in forma pauperis in this Title VII employment discrimination action. On February 22, 2007, defendant Foster Dairy Farms ("defendant"), filed a motion to compel responses to requests for documents and interrogatories. Defendant also seeks sanctions. Plaintiff filed an opposition on March 5, 2007 and defendant filed a reply on March 12, 2007. A hearing was held before the undersigned on March 16, 2007. Plaintiff appeared pro se and Paul Bauer appeared on behalf of defendant.

**BACKGROUND**

Plaintiff was one of three plaintiffs who brought an action against Defendants Foster Farms Dairy, Ron Foster, and Dennis Bettencourt ("Defendants") in 1:04cv6634 LJO DLB. On February 24, 2005, Plaintiff's claims were severed and he was directed to file an amended complaint in a separate civil action. Plaintiff filed his amended complaint on June 15, 2005, and thereby

1  commenced this action. Defendants filed their answer on April 17, 2005.

2        On October 27, 2006, Plaintiff filed a Second Amended Complaint ("SAC"). Although
3  Plaintiff did not obtain leave of court to file the SAC, Defendants did not object and filed their
4  answer on November 13, 2006.

5        Plaintiff's SAC names Ron Foster, Dennis Bettencourt and Foster Farms Dairy, Inc. as
6  Defendants. The SAC alleges employment discrimination in violation of Title VII. He alleges that
7  he was terminated in February 2005, after he was subpoenaed for a deposition regarding a "Foster
8  Farms which involved discriminatory action(s) against African Americans and where plaintiff was
9  under oath and disclosed the discriminatory action(s) of Foster Farms and 28 other related issues that
10 Foster Farms did not want disclosed." SAC, at 3. He alleges causes of action for (1)
11 employment/racial discrimination; (2) "director and supervisor liability"; (3) intentional infliction of
12 emotional distress; (4) injunctive relief; (5) wrongful termination in violation of the Federal False
13 Claims Act; (6) wrongful termination in violation of the State False Claims Act; and (7) wrongful
14 termination in violation of public policy. Plaintiff prays for compensatory, general and punitive
15 damages, as well as injunctive relief.

16       On February 27, 2007, the Court denied plaintiff's motion for leave to amend the complaint.

17       On February 22, 2007, defendants filed the instant motion to compel responses to requests for
18 production of documents and interrogatories served on December 4, 2006 and December 21, 2006.

19       Accordingly to defendants, the parties agreed to an extension of time for plaintiff to respond
20 to the request for documents, making them due January 10, 2007. Defendants sent plaintiff three
21 meet and confer letters. As of the filing of this motion, no responses or documents have been
22 received.

23       Defendants state that on January 20, 2007, plaintiff served objections to the interrogatories
24 based on Federal Rule of Civil Procedure 49 (which deals with federal jury verdict interrogatories).
25 Defendants' counsel called and explained why the objection was invalid and plaintiff agreed to serve
26 his responses but hasn't done so.

27       The failure to receive the discovery responses required defendants to take plaintiff's
28 deposition set for February 14, 2007 off calendar. Defendants request sanctions in the amount of

1 $2,640.00.

2 Plaintiff filed an opposition on March 5, 2007.  He states that he mailed documents and
3 discovery responses to defendants' counsel's office at "30 River Park Place West, Suite 420, Fresno,
4 California 93720" before this motion was filed.  He also states that he attempted to meet with
5 attorney Michael Hogan at his office but was told he was not in.  Plaintiff offers to bring copies to
6 the hearing.

7 Defendants filed a reply on March 12, 2007 questioning plaintiff's representation that he
8 mailed responses since he did not attach copies to his opposition.  Defendants also question
9 plaintiff's representation that he attempted meet with Michael Hogan because the only attorneys that
10 have ever communicated with plaintiff are Paul Bauer and Angela Healy.  Further, the receptionist
11 and legal secretary at counsel's office deny that plaintiff ever came to the office asking to meet with
12 Mr. Hogan.

## DISCUSSION

14 Pursuant to Federal Rule of Civil Procedure 33, a party may propound to another party,
15 written interrogatories relating to anything within the permissible scope of discovery.  The other
16 party must then respond in writing and under oath within 30 days, unless a shorter or longer time is
17 set by court order or by written stipulation.  Fed.R.Civ.P. 33(b)(3).  Similarly, pursuant to Rule 34, a
18 party may serve on any other party a request to produce and permit inspection, copying, etc., of
19 relevant documents and tangible things.  The response to a request under Rule 34 is also due in 30
20 days, absent a court order or stimulation.  If the responding party fails to provide responses to the
21 requested discovery, the propounding party may move for an order compelling responses pursuant to
22 Rule 37(a).  The party who prevails on a motion to compel is entitled to his or her expenses,
23 including reasonable attorney fees, unless the losing party was substantially justified in making or
24 opposing the motion.  Fed.R. Civ.P. 37(a)(4).  The burden is on the losing party to demonstrate that
25 its position was substantially justified.  *Id*.

26 Without substantial justification, plaintiff has failed to respond to discovery properly served
27 by defendant.  Plaintiff offers no plausible excuse, other than a misunderstanding of the law, for his
28 failure to comply with the rules of discovery.  Despite plaintiff's pro se status, he is still expected to

1 comply with the rules and orders of this court.

2     Defendant's motion is therefore GRANTED. On or before March 19, 2007, plaintiff shall serve responses to defendant's first set of interrogatories as well as a written response to defendant's request for production of documents. On or before March 23, 2007, plaintiff shall organize his responsive documents and provide copies of the documents to defendant's counsel. The documents shall be organized so that counsel can determine what documents are responsive to each request. Plaintiff shall bear the cost of copying his documents for defendant.

    IT IS SO ORDERED.

    Dated:   March 21, 2007        /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE

3b142a