# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DAVIS, | 1:05cv0271 LJO DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DISMISSAL OF ACTION |
| v. | |
| | (Document 60) |
| FOSTER FARMS DAIRY, et al., | |
| Defendants. | |

Plaintiff Aaron Davis ("Plaintiff") is proceeding pro se and in forma pauperis in this Title VII employment discrimination action. On April 23, 2007, Defendants Foster Farms Dairy, Ron Foster, and Dennis Bettencourt ("Defendants") filed a motion for terminating sanctions. The matter was heard on May 11, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiff appeared in pro se. Paul Bauer appeared on behalf of Defendants. The Court now submits these Findings and Recommendation to the District Court.

## **BACKGROUND**

Plaintiff was one of three plaintiffs who brought an action against Defendants in Case Number 1:04cv6634 REC DLB. On February 24, 2005, Plaintiff's claims were severed and he was directed to file an amended complaint in a separate civil action. Plaintiff filed his amended complaint on June 15, 2005, and thereby commenced this action. Defendants filed their answer on April 17, 2005.

1

1    On October 27, 2006, Plaintiff filed a Second Amended Complaint ("SAC") alleging
2 employment discrimination in violation of Title VII.  He alleges that he was terminated in
3 February 2005, after he was subpoenaed for a deposition regarding a "Foster Farms which
4 involved discriminatory action(s) against African Americans and where plaintiff was under oath
5 and disclosed the discriminatory action(s) of Foster Farms and 28 other related issues that Foster
6 Farms did not want disclosed."  SAC, at 3.
7    Although Plaintiff did not obtain leave of court to file the SAC, Defendants did not object
8 and filed their answer on November 13, 2006.  Also on November 13, 2006, Plaintiff attempted
9 to file a Third Amended Complaint, but pursuant to Defendants' motion, it was stricken on
10 January 10, 2007.
11    On January 11, 2007, Plaintiff filed a motion to amend the SAC.  The Court denied the
12 motion on February 27, 2007, finding his request futile and unnecessary.
13    On February 22, 2007, Defendants filed a motion to compel responses to requests for
14 production of documents and interrogatories served on December 4, 2006, and December 21,
15 2006.  The Court granted the motion at the hearing on March 16, 2007, and by written order on
16 March 21, 2007.  Pursuant to the order, Plaintiff was to serve responses to Defendants' first set of
17 interrogatories and requests for documents on or before March 19, 2007.  Plaintiff was further
18 ordered to organize his responsive documents and provide copies to Defendants' counsel on or
19 before March 23, 2007.  The Court ordered Plaintiff to bear the costs of copying his documents.
20    Defendants filed the instant motion for Rule 37 sanctions on April 5, 2007.  Defendants
21 request terminating sanctions as well as $2,880 in attorneys fees.  On May 4, 2007, Plaintiff filed
22 an untimely opposition in which he requests that the case be stayed so that he can find an
23 attorney.

**RELEVANT DISCOVERY HISTORY**

25    Pursuant to the Court's order, Plaintiff personally served responses to Defendants' first
26 set of interrogatories on or before March 19, 2007.  However, the responses to the
27 interrogatories, which seek basic information about Plaintiff's claims, consisted mainly of one of
28 the two following statements: "By law there is a mathematical formula that exists for every

wrong" and "Discovery is continuing.  Provided in part during initial disclosures and provide [sic] in part during production of documents."  Exhibit B, attached to Declaration of Paul J. Bauer ("Bauer Dec.").  Moreover, Defendants state that Plaintiff has failed to produce many of the documents he claims supports his allegations, or identify which document goes with which request.  The documents that Plaintiff has produced do not contain critical details, such as the author and date, and Defendants believe that this information has been intentionally torn or ripped away.  Exhibit C, attached to Bauer Dec.

Defendants' counsel wrote a letter to Plaintiff on March 26, 2007, in an attempt to meet and confer.  Defendants also contacted Plaintiff by telephone on April 2, 2007.  Plaintiff has not responded.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) provides an array of sanctions available to the Court when a party fails to comply with a discovery order.  Rule 37(b)(2)(C) permits the Court to issue

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

"Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'"  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (citations omitted).  In determining whether to impose the sanction of dismissal, the Court must consider the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.

In support of their motion, Defendants contend that Plaintiff's actions are bad faith litigation tactics designed to delay the proceedings and prevent Defendants from evaluating his claims.  The Court agrees.  Plaintiff has been given the benefit of the doubt many times during the course of this litigation.  In the Court's March 21, 2007, order granting Defendants' motion to compel, the Court gave him *explicit* instructions regarding his compliance, yet he made no good

faith effort to comply. The responses that he served are far from sufficient, and consist of little more than repetitive, elusive and unresponsive statements. Given the history of his discovery abuses during this litigation, the Court can only conclude that his actions are taken in bad faith.

As a result of Plaintiff's refusal to cooperate, Defendants have been left with little to no information relating to Plaintiff's claims. This case has been pending for over two years and because of Plaintiff's tactics, Defendants have been unable to obtain even basic discovery. In fact, Defendants have not received sufficient discovery to allow them to take Plaintiff's deposition. Plaintiff brought this action in February 2005, and continues to delay and deceive the parties and this Court. Defendants should not be forced to continue to defend an action in which Plaintiff refuses to cooperate, nor should this Court expend anymore of its limited resources.

In Plaintiff's untimely opposition, he requests that this action be stayed so that he can retain an attorney. Plaintiff has told this Court numerous times that he was about to retain counsel, but, not surprisingly, has yet to do so. His request to stay is therefore nothing more than another tactic to delay this action.

Defendants also request an award of $2,880 as sanctions for the cost of filing and hearing this motion. However, because the Court recommends sanctions in the form of dismissal and because Plaintiff is proceeding pro se and in forma pauperis, the Court recommends that this request be denied.

**RECOMMENDATION**

Accordingly, based on the above, the Court recommends that Defendants' motion for terminating sanctions be GRANTED and this action be DISMISSED. The Court further recommends that Defendants' request for sanctions in the amount of $2,880 be DENIED.

These Findings and Recommendation are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   May 15, 2007**            **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE